UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LEONARDO SIMPKINS, JR.,

    Petitioner,

v.                                                       Case No.:  5:24-cv-108-JLB-PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## OPINION AND ORDER

This matter comes before the Court on review of Petitioner Leonardo Simpkins, Jr.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, filed on February 29, 2024.[1] (Doc. 1.) Petitioner, who is in the custody of the Florida Department of Corrections, challenges his underlying state court conviction entered by Florida's Fifth Judicial Circuit in and for Marion County, No. 2007-cf-3086-A. Petitioner is serving a 20-year sentence for a 2009 armed robbery conviction.

The Court's records reveal that Petitioner filed a 28 U.S.C. § 2254 petition attacking the same conviction he attacks in this petition, which was dismissed with prejudice as untimely. See Simpkins v. Sec'y, Dep't of Corr., No. 5:12-cv-117-WTH-PRL, Doc. 20 (M.D. Fla. June 19, 2014). Petitioner has not said he has obtained leave from the Eleventh Circuit to file a successive petition. See 28 U.S.C.

---

[1] Petitioner filed the instant petition with the United States Court of Appeals for the Eleventh Circuit, which transferred the petition to this Court. (Doc. 1-1.)

§ 2244(b); Rules Governing Section 2254 Cases in the United States District Courts, R. 9.  "Without authorization, the district court lacks jurisdiction to consider a second or successive habeas petition."  Pavon v. Att'y Gen. Fla., 719 F. App'x 978, 979 (11th Cir. 2018) (citation omitted); see also Selden v. Warren, 799 F. App'x 810, 811 (11th Cir. 2020) (affirming the district court's dismissal for lack of jurisdiction because the habeas petition was successive).  The Court recognizes the term "second or successive" is not self-defining and not all habeas petitions filed after the first filed habeas petition are per se successive.  Panetti v. Quarterman, 551 U.S. 930, 943-44 (2007); Stewart v. United States, 646 F.3d 856, 860 (11th Cir. 2011).  Having reviewed the Petition, the Court finds Petitioner has asserted no facts or claims that would fall within the "small subset of unavailable claims that must not be categorized as successive."  Stewart, 646 F.3d at 863.

This case will be dismissed without prejudice to allow Petitioner the opportunity to first seek authorization from the Eleventh Circuit should he wish to lodge a second challenge to his incarceration.[2]  Section 2244(b)(2) limits the circumstances under which the appellate court will authorize filing a second or successive habeas corpus petition.  And 28 U.S.C. § 2244(d) imposes a time limitation on filing a habeas corpus petition.  In seeking relief in the Eleventh

---

[2]  The Court notes that the instant petition raises the same grounds for relief that Petitioner raised in a Petition for Writ of Habeas Corpus filed on February 26, 2024. See Simpkins v. Sec'y, Dep't of Corr., No. 5:24-cv-95-TPB-PRL, Doc. 1 (M.D. Fla.). That petition was dismissed as successive and for lack of jurisdiction on February 28, 2024. See id., Doc. 4.

Circuit, Petitioner should know of both these provisions.[3]

Accordingly, it is now

**ORDERED:**

1.   Petitioner Leonardo Simpkins, Jr.'s Petition (Doc. 1) is **DISMISSED as successive**.

2.   The Clerk is **DIRECTED** to enter judgment, deny as moot any pending motions, close this case, and send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

**DONE and ORDERED** in Fort Myers, Florida on this 11th day of March, 2024.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

Copies:   Petitioner

---

[3]   A certificate of appealability, typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition.   See 28 U.S.C. § 2253(c); Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir. 2004) (per curiam).